UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG CORTES,<br><br>    Plaintiff,<br><br>  v.<br><br>MASS ELECTRIC CONSTRUCTION CO.,<br><br>    Defendant. | Case No. 25-cv-06714-JSC<br><br>**ORDER RE: MOTION TO REMAND**<br><br>Re: Dkt. No. 12 |

Plaintiff brings this lawsuit under California's Private Attorneys General Act alleging various California Labor Code violations. (Dkt. No. 4-1.)[1] Defendant removed this case to federal court, asserting federal question jurisdiction on the grounds Plaintiff's claims are completely preempted by Section 301 of the Labor Management Rights Act since the claims are subject to exemptions under California state law and require interpretation of collective bargaining agreements. (Dkt. No. 4.) Now pending before the Court is Plaintiff's motion to remand. (Dkt. No. 12.) Having carefully reviewed the parties' submissions, and having the benefit of oral argument on December 4, 2025, the Court GRANTS Plaintiff's motion to remand. Remand is required because Defendant has not met its burden of demonstrating Plaintiff's claims are completely preempted by federal law under *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053 (9th Cir. 2007). Causes of action II, III, and IV do not support removal jurisdiction under step one of the *Burnside* test because the statutory exemptions upon which Defendant relies are affirmative defenses that cannot create federal question subject matter jurisdiction. Nor is cause of action I

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents. Because Docket No. 4-1 is a combination of multiple exhibits, citations to paragraphs in Docket No. 4-1 are to Plaintiff's complaint; all other citations are to ECF-generated page numbers.

Case 3:25-cv-06714-JSC     Document 20     Filed 12/18/25     Page 2 of 13

United States District Court
Northern District of California

preempted under step two because Defendant has not identified an active dispute over the collective bargaining agreements' terms such that litigating the claim requires an interpretation of the agreements. Consequently, the Court does not have subject matter jurisdiction over causes of action V and VI, which are derivative of Plaintiff's first four claims.

## BACKGROUND

Plaintiff sued Defendant in the Contra Costa County Superior Court on June 30, 2025. (Dkt. No. 4 ¶ 4.) Plaintiff brings claims under California's Private Attorneys General Act ("PAGA") for (1) failure to pay minimum wages, (2) failure to pay wages and overtime, (3) failure to provide meal periods, (4) failure to provide rest breaks, (5) violation of Labor Code section 226(a) and 1174, and (6) violation of Labor Code sections 201 and 203. (Dkt. No. 4-1.) Plaintiff served Defendant with the complaint on July 9, 2025. (Dkt. No. 4 ¶ 5.)

Defendant filed a Notice of Removal on August 8, 2025, alleging the Court has federal question subject matter jurisdiction under the Labor Management Relations Act of 1974 ("LMRA") and the National Labor Relations Act of 1935 ("NLRA"). (*Id.* ¶¶ 10-11.) Specifically, Defendant contends Plaintiff's causes of action are preempted by § 301 of the LMRA, which provides "[s]uits for violation of contracts between an employer and a labor organization ... may be brought in any district court of the United States." 29 U.S.C. § 185(a).

## DISCUSSION

### A. Legal Standard

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (cleaned up). Federal courts must "reject federal jurisdiction if there is any doubt as to the right of removal in the first instance." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (cleaned up).

Under the "well-pleaded complaint rule," "federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Ordinarily federal pre-emption is raised as a defense," and

2

"a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint[.]" *Id.* at 392–93 (italics in original). "A corollary to the well-pleaded complaint rule is the 'complete preemption' doctrine, which applies in cases in which 'the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *In re NOS Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting *Caterpillar*, 482 U.S. at 393).

> In spite of its title, the "complete preemption" doctrine is actually a doctrine of jurisdiction and is not to be confused with ordinary preemption doctrine (although it is related to preemption law). Thus, the 'complete preemption' doctrine does not abrogate the standard rule that a defense of preemption does not create federal question jurisdiction.

*Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 n.7 (9th Cir. 2000).

"Although § 301 contains no express language of preemption, the Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)). As a result, "a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Id.* at 1152. But "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994).

In *Burnside v. Kiewit Pacific Corp.*, the Ninth Circuit adopted a two-part test for analyzing whether § 301 preempts a state law claim. 491 F.3d 1053, 1059 (9th Cir. 2007). Under the *Burnside* test, courts first "ask whether the asserted cause of action involves a right [that] exists solely as a result of the [collective bargaining agreement ("CBA")]." *Curtis*, 913 F.3d at 1152 (cleaned up). If the answer to the first question is yes, then "the claim is preempted and [the] analysis ends there." *Id.* at 1152–53 (quoting *Burnside*, 491 F.3d at 1059). If the answer to the first question is no, then courts "proceed to the second step and ask whether a plaintiff's state law right is substantially dependent on analysis of" the CBA. *Id.* (cleaned up). To answer this

3

question, courts consider "whether the claim cannot be resolved by simply look[ing] to versus interpreting the CBA." *Id.* (cleaned up); *see also Livadas*, 512 U.S. at 124 ("[W]hen the meaning of contract terms is not the subject to dispute, the bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished[.]")

Here, as is explained below, Defendant has not met its burden of establishing federal question subject matter jurisdiction based on § 301 preemption. Plaintiff's complaint does not rely solely on a collective bargaining agreement as the source for any cause of action. Causes of action II, III, and IV do not support removal jurisdiction under step one of the *Burnside* test because the statutory exemptions upon which Defendant relies are affirmative defenses, which cannot supply a basis for removal. Additionally, cause of action I is not preempted under step two because Defendant has not pointed to an actively disputed CBA term. By extension, the Court does not have federal question jurisdiction over causes of action V and VI, which are derivative of Plaintiff's first four causes of action.

**B. *Burnside* Step One Does Not Apply to Causes of Action II, III, and IV**

Under step one, "[t]he essential inquiry is this: Does the claim seek purely to vindicate a right or duty created by the CBA itself? If so, then the claim is preempted, and the analysis ends there." *Curtis*, 913 F.3d at 1152 (cleaned up). Plaintiff brings his second cause of action under Labor Code Sections 1194, 1198, and 510; brings his third cause of action under Labor Code Sections 226.7 and 512; and brings his fourth cause of action under Labor Code Section 226.7. (Dkt. No. 4-1 ¶¶ 59-93.) So, based on the face of the complaint, Plaintiff seeks to vindicate a right created by state law, not the CBA. *See Renteria-Hinojosa v. Sunsweet Growers, Inc*., 150 F.4th 1076, 1089 (9th Cir. 2025) (holding section 510 overtime claims and section 512 meal and rest break claims did "not arise exclusively from the CBAs, but rather from 'right[s] conferred' by state law" and so the claims were not preempted pursuant to *Burnside* step one).

Defendant nonetheless contends the Court has removal jurisdiction based on causes of action II, III, and IV under *Burnside* step one because the Labor Code provisions upon which

those claims rely have exemptions for collective bargaining agreements.[2]  In particular, the second cause of action is subject to an exemption pursuant to Labor Code Section 514:

> Section[] 510 … do[es] not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and the agreement provides premium wage rates for all overtime hours worked and a regularly hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514.  The third cause of action is subject to similar exemptions.  Labor Code Section 512(a) provides the substantive right to meal periods during the workday, but under Section 512(e):

> Subdivisions (a) and (b) do not apply to an employee specified in subdivision (f) if both of the following conditions are satisfied:
>
> (1) The employee is covered by a valid collective bargaining agreement.
>
> (2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

---

[2] Despite the Notice of Removal plainly alleging the fourth cause of action is preempted under "Step Two of the Section 301 preemption analysis," (Dkt. No. 4 at 9), Defendant's opposition says this allegation was "erroneous[]" and Defendant meant to allege preemption under *Burnside* step one.  (Dkt. No. 13 at 15 n.4.)  Plaintiff appears to not object to this changed position because he analyzes his fourth cause of action under *Burnside* step one, and inexplicably states "Defendant's Notice of Removal does not allege preemption of the … rest period claims under step two." (Dkt. No. 12 at 2, 4; Dkt. No. 14 at 5.)  "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.  "The Notice of Removal cannot be amended to add a separate basis for removal jurisdiction" within thirty days of being served with the complaint, but "a defendant may amend the Notice of Removal after the thirty day window has closed to correct a defective allegation of jurisdiction."  *ARCO Environmental Remediation, LLC v. Dep't of Health and Environmental Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (cleaned up).  Here, Defendant's argument that the fourth cause of action is preempted under step one is a "defective allegation of jurisdiction," as opposed to a "separate basis for jurisdiction," because the argument's reliance on *Curtis* and a CBA-related Labor Code exemption makes it functionally identical to Defendant's basis for jurisdiction over the second and third causes of action.  And given the parties agree the Court should analyze the fourth cause of action under *Burnside* step one, the Court will do so without requiring Defendant move for leave to amend the Notice of Removal.

5

Cal. Lab. Code § 512(e). One category of employees "specified in subdivision (f)" is "[a]n employee employed in a construction occupation." *Id.* § 512(f)(1). As for Section 226.7, which underlies Plaintiff's third and fourth causes of action, "[t]his section shall not apply to an employee who is exempt from meal or rest or recovery period requirements pursuant to other state laws, including … a[n] … order of the Industrial Welfare Commission," *id.* § 226.7(e), and Defendant asserts the applicable Industrial Welfare Commission order exempts "any employee covered by a valid collective bargaining agreement if the collective bargaining agreement provides equivalent protection."[3] IWC Wage Order 16-2001 § 11(E). So, argues Defendant, since Labor Code sections 514, 512(e), and 226.7(e) respectively make sections 510, 512, and 226.7 inapplicable due to the CBA terms, the second, third, and fourth causes of action must be vindicating rights created by the CBA rather than state law and are therefore LMRA preempted.

But the applicability of Labor Code exemptions 514, 512(e)-(g), and 226.7(e) is an affirmative defense Defendant must prove and plead. (Dkt. No. 4-1 at 80 (31st affirmative defense in Defendant's answer alleges "some or all of Plaintiff's claims are governed by the terms of … a valid collective bargaining agreement and … therefore, Plaintiff's claims are exempted from California law")); *see, e.g.*, *Araquistain v. Pacific Gas & Electric Company*, 229 Cal. App. 4th 227, 231 (2014) (recognizing Labor Code Sections 512(e)-(g) are affirmative defenses to Section 512(a) claims); *Mireles v. Paragon Systems, Inc.*, 2013 WL 3450090 *3–4 (S.D. Cal. July 9, 2013) (denying motion to strike a Section 514 affirmative defense); *Nordquist v. McGraw-Hill Broadcasting Co.*, 32 Cal. App. 4th 555, 562 (1995) ("The employer bears the burden of proving an employee is exempt" under an applicable Industrial Wage Commission order); *Ramirez v. Anvil Builders, Inc.*, 2024 WL 4266754 *5–6 (N.D. Cal. Sept. 23, 2024) (granting partial summary judgment on Section 512 and Section 226.7 claims because the employee was exempt under

---

[3] Plaintiff does not identify an Industrial Wage Commission order that applies to his employment. (*See, e.g.*, Dkt. No. 4-1 ¶¶ 72-81.) Rather, Plaintiff's third cause of action repeatedly cites paragraphs 11 and 20 "of the applicable IWC Wage Order" and "Section 11(A)-(E) of the applicable IWC Wage Orders." (Dkt. No. 4-1 ¶¶ 72-81.) Defendant identifies Order No. 16-2001 as the applicable order. (Dkt. No. 4 at 6 n.1.) The Court does not need to decide which order applies because, as explained below, the applicability of a wage order is part of an affirmative defense that cannot create federal question jurisdiction in the first instance.

Section 512(e) and the applicable wage order). And a non-preemption affirmative defense cannot serve as a basis for removal when, as here, Plaintiff has exclusively pleaded violations of state law and, at oral argument, disclaimed any claims under the CBA. *Caterpillar*, 482 U.S. at 393; *see also Renteria-Hinojosa*, 150 F.4th at 1092–93 ("[I]f a plaintiff's claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense. … Although [Defendant] does not label its arguments as 'defenses,' that is what they are."); *Balcorta*, 208 F.3d at 1107 n.7 ("[T]he 'complete preemption' doctrine does not abrogate the standard rule that a defense of preemption does not create federal question jurisdiction."). As one district court has explained, "the fact that the § 514 exemption may apply does not alter the substance of [the plaintiff]'s claim. If it is ultimately determined that § 514 applies, this will simply mean that [the plaintiff] has alleged a claim under a statute she cannot invoke, and under which she is unable to recover." *Vasserman v. Henry Mayo Newhall Memorial Hosp.*, 65 F. Supp. 3d 932, 954 (C.D. Cal. Dec. 5, 2014), Indeed, Defendant's opposition acknowledges its affirmative defenses are pled solely under state law and can (and will) be resolved solely under state law without reference to the LMRA. (Dkt. No. 13 at 6 n.1) ("[A]ssuming the case is remanded, Plaintiff's claims would be near-immediately dismissed as exempted *under applicable state law*[.]") (emphasis added).

    Second, Defendant's argument requires the Court to resolve state law affirmative defenses as part of the *Burnside* inquiry, but "[s]uch a merits evaluation is inconsistent with the argument that the claims themselves are preempted, because preempted claims are 'displace[d] entirely' by federal law." *Hernandez v. Pacific Underground Construction, Inc.*, 794 F. Supp. 3d 696, 704 (N.D. Cal. Aug. 11, 2025) (quoting *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 23 (1983)). Accordingly, Plaintiff's second, third, and fourth causes of action do not arise exclusively out of CBAs, so they are not preempted under *Burnside* step one.

    Defendant's reliance on *Curtis* is unpersuasive. *Curtis* reviewed a district court's dismissal of a plaintiff's overtime claims brought under California Labor Code Section 510(a). 913 F.3d at 1150–51. There, the defendant had "removed the action … relying on § 301 of the LMRA … and

1  the Outer Continental Shelf Lands Act (OCSLA)." *Id.* at 1150. The Ninth Circuit dismissed the
2  claim for unpaid overtime because Section 510(a) "exists solely as a result of [a] CBA," and
3  therefore was preempted under *Burnside* step one, because Labor Code Section 514 exempts
4  claims under Section 510 for overtime payments made "pursuant to a collective bargaining
5  agreement." *Id.* at 1153–55 (citing Cal. Lab. Code §§ 510(a)(2), 514).[4] The plaintiffs there
6  "conceded that the CBAs are generally applicable to Plaintiffs," incorrectly believing the
7  concession would not affect the analysis under *Burnside* step one, that is, whether their overtime
8  claim "exists independently of the[] CBAs." *Id.* at 1151. The sections of the opinion applying
9  *Burnside*, however, did not discuss jurisdiction. *Id.* at 1151–56. In the section devoted to
10 background and procedural history, the opinion recites the rule "normally federal preemption is a
11 defense that does not authorize removal to federal court" and explains Section 301 of the LMRA
12 converts a state law claim "into one stating a federal claim for purposes of the well-pleaded
13 complaint rule." *Id.* at 1152 (cleaned up). *Curtis* does not subsequently reference the well-
14 pleaded complaint rule, *Caterpillar,* or even the word "defense" in its analysis of complete
15 preemption. *See generally id.* Rather, in a half-sentence, *Curtis* states "[t]he district court had
16 jurisdiction under 29 U.S.C. § 185(c)," with a footnote explaining "[b]ecause we hold that
17 jurisdiction over the overtime claim was proper under § 301 of the LMRA, we do not address
18 whether complete preemption exists under OCSLA." *Id.* at 1151, 1151 n.4.

19 So, this footnote suggests, without explanation, a court has federal question subject matter
20 jurisdiction over a state law claim when the claim is "completely preempted" and therefore
21 dismissed under *Burnside* step one due to a conceded state law statutory exemption. To the extent
22 this footnote in *Curtis* suggests an affirmative defense under state law creates removal jurisdiction,
23 this statement contradicts prior Ninth Circuit precedent. *See, e.g.*, *Balcorta*, 208 F.3d at 1107 n.7
24 ("[T]he 'complete preemption' doctrine does not abrogate the standard rule that a defense of
25 preemption does not create federal question jurisdiction."); *Burnside*, 491 F.3d at 1059 (describing

---

[4] Labor Code Section 514 has not been amended since it was analyzed in *Curtis*. *Compare* Cal. Lab. Code § 514, *with* 913 F.3d at 1153.

step one as "an inquiry into whether *the asserted cause of action* involves a right" that exists solely "by virtue of state law, not by a CBA," and predicating the step-one inquiry on *Caterpillar*'s holding that section 301 "only governs claims founded *directly* on rights created by collective-bargaining agreements") (emphasis added) (cleaned up); *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005 (9th Cir. 2018) ("A defendant can't rely on a CBA as an aspect of her defense simply to inject a federal question into an action that asserts what is plainly a state-law claim.") (cleaned up).

*McCray*, for instance, addressed a plaintiff's minimum-wages claim where the applicable ordinance allowed employees to waive the minimum-wage requirement through a collective bargaining agreement. *Id.* at 1007-11. There the employer's affirmative defense was that the employee's union waived the state-law requirement through a CBA. *McCray v. Marriott Hotel Servs., Inc.*, 2016 WL 3383728, *2–3 (N.D. Cal. June 20, 2016), *vacated and remanded*, 902 F.3d 1005 (9th Cir. 2018). So, similar to the Labor Code exemptions here, *McCray*'s opt-out mechanism arguably allowed for removal jurisdiction under step one because an employee could waive their state-law rights, meaning the employee's rights existed under the CBA. *See id.* at *2-3 (District court holding "[t]his carve-out provided for the possibility that federal jurisdiction could exist based only on a defense to the case, not a cause of action in the complaint.") But the Ninth Circuit rejected that notion, holding *Burnside* step one did not create jurisdiction over the employee's claim because "[t]he right to be paid according to state law … is 'one that came into existence entirely independent of the CBA, and that remains in existence, independently of the CBA[.]'" *McCray*, 902 F.3d at 1010–11 (quoting *Burnside*, 491 F.3d at 1064). The same analysis applies here. Moreover, *Curtis* did not address, let alone distinguish *McCray*. Nor did the analysis section of *Curtis* mention *Caterpillar* or Ninth Circuit cases interpreting the well-pleaded complaint rule. Therefore, this Court would not be bound by that interpretation of *Curtis*'s footnote because "a three-judge panel may not overrule the decision of another panel in the absence of intervening Supreme Court case law that is 'clearly irreconcilable.'" *United States v. Mayer*, 560 F.3d 948, 964 (9th Cir. 2009). Nor is the Court bound by *Cooper v. Applied Integrated Techs., Inc.*, 798 Fed. Appx. 167, 168 (9th Cir. 2020), an unpublished opinion that cited

*Curtis*. So, Plaintiff's claims are not preempted under step one of the *Burnside* test.

**C. *Burnside* Step Two Does Not Apply to Cause of Action I**

At step two, the question is "whether litigating the state law claim … requires interpretation of a CBA." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018). "'Interpretation' is construed narrowly; it means something more than 'consider,' 'refer to,' or 'apply.'" *Id.* (cleaned up). "[C]laims are only preempted to the extent there is an active dispute over 'the meaning of contract terms.'" *Id.* (quoting *Livadas*, 512 U.S. at 124). There is no "active dispute" when "resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language–for example, 'to discern that none of its terms is reasonably in dispute.'" *Id.* at 922 (quoting *Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 692 (9th Cir. 2001), *as amended* (Aug. 27, 2001)). As such, "reliance on and reference to CBA-established or CBA-defined terms of employment do not make for a CBA dispute if there is no disagreement about the meaning or application of any relevant CBA-covered terms of employment." *Id.* at 927.

Defendant contends the first cause of action is preempted at step two because the minimum wage claim requires "interpretation of the various provisions of the CBAs requiring pay for all hours worked." (Dkt. No. 4 ¶ 30.) Defendant cites CBA provisions pertaining to "what constitutes compensable working time," "when overtime rates apply, how shifts may be structured, and under what circumstances additional compensation or penalties are required." (Dkt. No. 13 at 16-17.) For instance, Defendant points to provisions saying "employees will be compensated only for the actual time worked" in the event of a project shutdown and employees will be compensated for time spent "wait[ing] in a designated area available for work." (*Id.* at 16-18.) Defendant suggests these provisions "necessarily require[] interpretation" because Plaintiff alleges "the actual times when Aggrieved Employees were under the control and direction of Defendants was under reported in the hours reflected on the timekeeping records," and these provisions indirectly gauge "whether and to what extent Plaintiff and other employees were under the control and direction of [Defendant] and thus entitled to compensation." (Dkt. No. 13 at 18 (citing Dkt. No. 4-1 ¶ 17).)

Defendant has not, however, identified an "active dispute over the meaning" of these

10

provisions. *Schurke*, 898 F.3d at 921 (quoting *Livadas*, 512 U.S. at 124). Again, Plaintiff's complaint does not cite a CBA provision. The only allegation in the complaint Defendant pinpoints to identify a potential dispute is the allegation regarding the times when employees "were under the control and direction of Defendants." (Dkt. No. 13 at 17-18.) But this allegation does not require interpretation of a CBA because the CBAs do not contain that phrase or any variation of that phrase. (*See generally* Dkt. No. 4-1 at 90–202.) Rather, Defendant assumes Plaintiff's allegations invoke CBA provisions even though the face of Plaintiff's first cause of action relies entirely on state law. (*See, e.g.*, Dkt. No. 4-1 ¶ 38 (citing an applicable wage order's definition of "compensable work time" as "the time during which an employee is subject to the control of an employer"), ¶ 39 (alleging Defendant's failure to pay wages for "off-the-clock" work violated five Labor Code sections), ¶¶ 40-43 (relying on PAGA), ¶¶ 44-58 (relying on Labor Code sections and applicable wage orders.) "Certainly, some amount of fact-finding will have to be done in this case to determine," for example, when employees were under Defendant's control, but "[t]he need for a purely factual inquiry … [that] does not turn on the meaning of a collective-bargaining agreement, however, is not cause of preemption under section 301." *Cf. Burnside*, 491 F.3d at 1072 (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988)) (second alteration in original); *see also Lingle*, 486 U.S. at 409–10 ("[E]ven if the dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, so long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes.") To the extent a CBA provision will ever be consulted in this litigation, Plaintiff's first cause of action would merely requires a court to "apply" provisions regarding compensation, as opposed to "interpret" them, because "the mere need to look to the collective-bargaining agreement for damages computation is no reason to hold the state-law claim defeated by § 301." *Livadas*, 512 U.S. at 125. That the CBA's provisions may be "complex," "specific," or "varying" (Dkt. No. 13 at 16) does not change the fact their "meaning" is not actively disputed and therefore the provisions need not be "interpreted." *Schurke*, 898 F.3d at 921. And Defendant cites no Ninth Circuit case applying *Burnside* step two to preempt claims in the absence of an

11

active dispute. (Dkt. No. 13 at 16-18.)

Defendant cites two district court cases which held minimum wage claims were preempted under *Burnside* step two: *Rodriguez v. Gonsalves & Santucci, Inc.*, 2022 WL 161892 *5 (N.D. Cal. Jan. 18, 2022) and *Giles v. Canus Corporation*, 2022 WL 3370793 *6 (N.D. Cal. Aug. 16, 2022). Neither case is persuasive because they do not identify an "active dispute over the meaning of [CBA] terms," as the Ninth Circuit requires. *Schurke*, 898 F.3d at 921. First, *Rodriguez* dismissed a minimum wage claim because it "requires interpretation of CBA terms such as 'actual hours worked' and 'show up expenses.'" 2022 WL 161892 at *5. There, the court did not explain what the parties actively disputed about these terms. *See id.* Instead, *Rodriguez* cited two cases that are inapposite to the CBA here. One case was an unpublished Ninth Circuit opinion holding the industry terms "permit," "load," "unattended," and "leave a load" were "actively dispute[d]" and "[d]etermining the meaning of industry terms is a form of interpretation." *Marquez v. Toll Global Forwarding*, 804 Fed. App'x 679, 680–81 (9th Cir. 2020). In the other case, the Ninth Circuit reasoned a court must interpret a CBA term allowing overtime pay "except when there is a change of schedule" because the CBA did not define a "change of schedule" and the parties actively disputed "[w]hether or not there was an agreed upon change of schedule." *Kobold v. Good Samaritan Regional Medical Center*, 822 F.3d 1024, 1036 (9th Cir. 2016). Here, Defendant does not identify any active dispute or industry terms. Similarly, *Giles* held the plaintiff's "minimum wage claims will require an interpretation of the [CBA's] terms 'actual time worked' and 'show-up pay'" without identifying an active dispute over these terms. 2022 WL 3370793 at *6 (cleaned up). And the only case *Giles* cited for this holding was *Rodriguez*, *see* 2022 WL 3370793 at *6, which the Court does not find persuasive.

### D. Causes of Action V and VI are not Preempted

Finally, because none of Plaintiff's first four causes of action are preempted under *Burnside*, the Court does not have federal question jurisdiction over causes of action V and VI, which are derivative of the first four claims. Remand is therefore required because the Court does not have subject matter jurisdiction over any of Plaintiff's causes of action.

//

**CONCLUSION**

The Court GRANTS Plaintiff's motion to remand and remands this case to the Superior Court of Contra Costa County. Applying the *Burnside* framework, Defendant has not met its burden of showing Plaintiff's causes of action are preempted by Section 301 of the Labor Management Relations Act. Causes of action II, III, and IV do not raise a federal question under *Burnside* step one by virtue of a potential affirmative defense regarding a collective bargaining agreement, nor does cause of action I require interpretation of a collective bargaining agreement. Because the Court does not have jurisdiction over the first four causes of action, the Court does not have jurisdiction over causes of action V and VI, which derive from those claims. Remand is therefore required.

This Order disposes of Docket No. 12.

**IT IS SO ORDERED.**

Dated: December 18, 2025

JACQUELINE SCOTT CORLEY
United States District Judge